IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

KEVIN IVAN ANTHONY,      )
         )
     Movant,     )
         )
v.         )     CIVIL ACTION NO. 1:08-0904
         )     (Criminal No. 1:02-00241)
UNITED STATES OF AMERICA,    )
         )
     Respondent.     )

## PROPOSED FINDINGS AND RECOMMENDATION

Movant, acting *pro se* and incarcerated at FCI Gilmer,[1] filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on January 18, 2008.[2] (Document No. 512.) By Standing Order, Movant's Motion was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 513.)

## FACTUAL AND PROCEDURAL BACKGROUND

Movant and co-defendants were charged in a Sixteen-Count Indictment filed on October 31, 2002. (Criminal Action No. 1:02-0241, Document No. 1.) In Count One, Movant and co-defendants were charged with conspiring to distribute a quantity of marijuana, a Schedule I controlled substance, 50 grams or more of cocaine base, also known as "crack," 5 kilograms or more of cocaine, also know as "coke," and a quantity of hydromorphone, Schedule II controlled substances,

---

[1] The Bureau of Prisons' Inmate Locator indicates that Movant is currently incarcerated at FCI Elkton, located in Elkton, Ohio.

[2] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

in violation of 21 U.S.C. § 846. (Id.) In Count Two, Movant was charged with aiding and abetting the distribution of 5 grams or more of cocaine base, also known as "crack," a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Following a jury trial conducted on May 5 - 7, 2003, Movant was convicted of conspiring to distribute 50 grams or more of cocaine base and a quantity of hydromorphone in violation of 21 U.S.C. § 846, and aiding and abetting the distribution of 5 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (Id., Document Nos. 259 and 261.) A Presentence Investigation Report was prepared. (Id., Document No. 331.) The District Court determined that Movant had a Base Offense Level of 38, and a Total Offense Level of 40, having applied a two-level enhancement for possession of a firearm. (Id., Document No. 337.) On October 29, 2003, the District Court ordered that Movant serve a 324-month term of incarceration as to each count to run concurrently, to be followed by a five-year term of supervised release. (Id.) The District Court also imposed a $5,000 fine and a $200 special assessment. (Id.)

On November 10, 2003, Movant, by counsel, filed a Notice of Appeal. (Id., Document No. 332.) In his appeal, Movant argued that (1) the District Court erred in finding that the jury selection process in the Southern District of West Virginia did not render Movant's trial unconstitutional, despite the fact that neither the jury venire nor the jury panel contained African-Americans; (2) the District Court erred in failing to order a *sua sponte* mistrial or other corrective action based upon an *ex parte* communication between the Assistant United States Attorney and a witness's supervising probation officer during trial; (3) the District Court abused its discretion in denying Movant's proposed jury instruction on aiding and abetting; (4) the District Court erred in its calculation of drug weights in determining Movant's base offense level, and in applying a two-point

enhancement pursuant to U.S.S.G. § 2D1.1(b)(1); and (5) the District Court erred in failing to consider Movant a minor role participant and in refusing to decrease his offense level pursuant to U.S.S.G. § 3B1.2. United States v. Anthony, 138 Fed.Appx. 591 (4th Cir. Jul. 12, 2005). On July 21, 2005, the Fourth Circuit affirmed Movant's convictions, vacated his sentences, and remanded the matter for resentencing in accordance with United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and United States v. Hughes, 401 F.3d 540 (4th Cir. 2005).[3] United States v. Anthony, 138 Fed.Appx. 591, 597 (4th Cir. 2005).

The District Court resentenced Movant on November 29, 2005, to a 324-month term of incarceration as to each count, to run concurrently. (Criminal Action No. 1:02-0241, Document Nos. 449 and 454.) The District Court further imposed a 5-year term of supervised release as to each count, to run concurrently. (Id.) On December 20, 2005, Movant, by counsel, filed his Notice of Appeal. (Id., Document No. 459.) In his appeal, Movant argued that (1) the District Court erred in applying a preponderance of the evidence standard of proof in resentencing; (2) the 100:1 crack/powder cocaine differential in the advisory guidelines was unconstitutional and unreasonable in the wake of Booker; (3) the District Court erred in imposing the same sentence previously imposed; and (4) the District Court erred in imposing a sentence that resulted in an unwarranted disparity in violation of 18 U.S.C. § 3553(a)(6). On October 13, 2006, the Fourth Circuit affirmed Movant's sentence. United States v. Anthony, 202 Fed.Appx. 617 (4th Cir. 2006). Movant filed a petition for certiorari on January 8, 2007. On June 29, 2007, the United States Supreme Court denied

---

[3] Specifically, the Fourth Circuit found as follows: "The district court sentenced Anthony and Scott by applying the guidelines as a mandatory determinant in sentencing and based upon facts not authorized by the jury's findings. In light of the change in the law, we conclude that the district court erred in determining Appellants' sentences." *United States v. Anthony*, 138 Fed.Appx. 591, 597 (4th Cir. 2005).

3

Movant's petition for certiorari. <u>Anthony v. United States</u>, 551 U.S. 1168, 127 S.Ct. 3058, 168 L.Ed.2d 769 (2007).

On June 26, 2008,[4] Movant filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil No. 1:08-0904, Document No. 512.) As grounds for *habeas* relief, Movant alleges as follows: (1) trial counsel was ineffective for failing "to demonstrate to the court that petitioner was not guilty of the 2D1.1 enhancement;" (2) trial counsel was ineffective "when counsel wrote petitioner's letter concerning his acceptance of responsibility, which he did not write;" and (3) the District Court improperly imposed a two-level enhancement for possession of a firearm. (<u>Id.</u>) Movant, therefore, states "if it was not for counsel's errors in the sentencing phase of this proceeding then there would have been a chance that the sentence in this case would have been different." (<u>Id.</u>)

On August 25, 2008, Movant filed a Motion for Retroactive Application of Sentencing Guidelines regarding his Crack Cocaine Offense.[5] (Criminal Action No. 1:02-0241, Document No. 517.) By Order entered on October 23, 2008, the District Court designated Movant for standard consideration and directed the Federal Public Defender's Office to appoint counsel. (<u>Id.</u>, Document

---

[4]   Although Movant's Section 2255 Motion was received and filed by the Clerk on July 7, 2008, Movant's Section 2255 Motion should be deemed as filed on June 26, 2008. Movant attests that he gave his Motion to prison authorities for mailing on June 26, 2008. (Civil Action No. 1:08-0904, Document No. 512, pp. 6 - 8.) Applying the "prison mailbox rule" as announced in *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988), the undersigned determines that Movant's Section 2255 Motion was filed on June 26, 2008.

[5]   On November 1, 2007, the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base (also known as crack). Subsequently, the Commission amended Section 1B1.10 to make the crack amendment retroactive, effective March 3, 2008. This retroactivity produces the opportunity for offenders to file motions under 18 U.S.C. § 3582(c)(2) seeking sentence reductions.

No. 519.) On October 27, 2008, the government filed its Response arguing that "defendant's motion should be denied because the amendment did not change the base offense level for the quantity of drugs attributable to the defendant in this case." (Id., Document No. 520.) On November 6, 2008, Movant, by counsel, filed a "Memorandum of Defendant" stating that "[d]ue to the fact that his sentencing range is not changed as a result of the amended crack cocaine Guideline, counsel reluctantly concedes that Mr. Anthony is not eligible for a reduction of his sentence." (Id., Document No. 522.) By Memorandum Opinion and Order enter on March 16, 2009, the District Court denied Movant's request for a sentence reduction under 18 U.S.C. § 3582(c)(2). (Id., Document No. 529.)

## DISCUSSION

The relevant portion of Section 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805

5

(1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

1.      **Movant's Claims of Ineffective Assistance of Counsel.**

Indigent criminal defendants have the constitutional right to effective assistance of counsel through a direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under Section 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received

adequate assistance of counsel. Id. The first prong is competence. The movant must show that the

representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691,

104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide

range of what is considered reasonable professional assistance, and a reviewing Court must be

highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104

S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts
> or omissions of counsel that are alleged not to have been the result of reasonable
> professional judgment. The court must then determine whether, in light of all the
> circumstances, the identified acts or omissions were outside the wide range of
> professionally competent assistance. . .. [C]ounsel is strongly presumed to have
> rendered adequate assistance and made all significant decisions in the exercise of
> reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical

decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United

States, 564 F.2d 1071, 1072 (4th Cir. 1977). The second prong is prejudice. The movant must show

that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different. A reasonable probability is a probability sufficient to

undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v.

Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake,

ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477

U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented

by counsel whose performance is not constitutionally ineffective under the standard established in

Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney

error that results in a procedural default.") The movant must therefore show (1) that his attorney's

7

performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d. 463 (4th Cir. 1991), cert. denied, 502 U.S. 1112, 112 S.Ct. 1219, 117 L.Ed.2d 456 (1992).

**A.** *Failure to Object to Firearm Enhancement.*

Movant contends that counsel was ineffective in failing to object to the two-level enhancement pursuant to U.S.S.G. § 2D1.1, for possession of a firearm. Movant argues he received a firearm enhancement based upon his co-defendant's possession of a firearm. Petitioner contends there was insufficient evidence to support a finding that he "had any connection with any dangerous weapon" or "used a handgun." (Civil Action 1:08-0904, Document No. 512, pp. 2 - 4.)

Based on a review of the record, the Court finds that trial counsel did not act ineffectively in failing to object to the firearm enhancement. The Presentence Report states as follows:

> 56.   **Specific Offense Characteristic:** Pursuant to U.S.S.G. § 2D1.1(b)(1), if a dangerous weapon (including a firearm) was possessed by the defendant, the offense level shall be increased by two levels. On April 16, 2002, during a recorded conversation between Emmanuel Donte Scott and a confidential informant, Mr. Scott talked about using a gun to collect a drug debt for Carlos Dean Scott. A .45-caliber Czech Republic handgun was recovered from Emmanuel Donte Scott's residence on September 3, 2002, the date of his arrest. Witnesses also confirmed that Carlos Scott often traded drugs for guns. Evidence in this case reveals that Kevin Ivan Anthony routinely transported Carlos Dean Scott to drug deals and that Anthony was present at Alfred Rucker's house, where Carlos Dean Scott traded guns for drugs. The probation officer believes the evidence supports an enhancement for possession of a firearm. Therefore, a two-level increase is recommended.

(Criminal Action No. 1:02-0241, Document No. 331, p. 15.) Defense counsel objected to Paragraph 56. (Id., p. 29.) The District Court, however, overruled defense counsel's objection and applied the

8

two-level firearm enhancement. (Id., Document No. 337, pp. 2 - 3.) In Movant's appeal to the Fourth Circuit, defense counsel argued the District Court erred in applying a two-point enhancement pursuant to U.S.S.G. § 2D1.1(b)(1). See Anthony, 138 Fed.Appx. at 595-96. On July 21, 2005, the Fourth Circuit affirmed Movant's conviction, vacated his sentence, and remanded the matter for resentencing in accordance with Booker and Hughes. Id. In vacating Movant's sentence, the Fourth Circuit reasoned as follows:

> [T]he district court sentenced Anthony and Scott by applying the guidelines as mandatory determinant in sentencing and based upon facts not authorized by the jury's findings. In light of the change in law, we conclude that the district court erred in determining Appellants' sentences, that the error was plain and affected Appellants' substantial rights, and that we should exercise our discretion to notice the error. We therefore vacate Anthony's and Scott's sentences and remand for resentencing.

Id. at 597. The District Court resentenced Movant on November 29, 2005. The District Court noted that "[o]ther than objections previously made, neither party had any objections to the above-stated findings with regard to the applicable guideline levels and ranges." (Criminal Action No. 1:02-0241, Document No. 455, p. 2.) During the resentencing hearing, defense counsel for Movant and his co-defendant addressed the issue concerning the firearm enhancement as follows.

| | |
|---|---|
| MR. GIATRAS: | Very briefly, Your Honor. With respect to the enhancements, the court knows there was no gun that was ever discharged, no one was ever shot, and no one was ever hurt in that particular matter. |

* * *

| | |
|---|---|
| THE COURT: | Mr. Curry, do you have anything else? |
| MR. CURRY: | No; I think I'd be repeating myself, Your Honor. |

* * *

| | |
|---|---|
| THE COURT: | . . . I have considered the guidelines and all the 3553(a) |

> factors in this resentencing, and I see no reason to change the
> conclusions that I made at the original sentencing, and I adopt
> those conclusions and I adopt the original sentences and the
> reasons therefore. . . .

(Id., Document No. 479, pp. 29 - 32.) Defense counsel filed an appeal arguing that the District Court

erred in applying a preponderance of the evidence standard of proof in resentencing. Anthony, 202

Fed.Appx. at 619. Specifically, defense counsel asserted that "[t]he Constitution demands that all

facts used to determine a criminal defendant's sentence be proven beyond a reasonable doubt." Id.

Based on the foregoing, the undersigned finds that defense counsel did challenge Movant's firearm

enhancement.

     To the extent Movant is claiming defense counsel was ineffective in failing to argue Movant

did not "use a handgun," the undersigned finds Movant's claim to be without merit. U.S.S.G. §

2D1.1(b)(1) provides that a defendant's base offense level be increased by two levels "[i]f a

dangerous weapon (including a firearm) was possessed" during commission of the offense. In a

conspiracy, U.S.S.G. § 1B1.3(a)(1)(B) instructs that a defendant is responsible for "all reasonably

foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity."

The Fourth Circuit has recognized that the use or carrying of a firearm is a reasonably foreseeable

consequence of narcotics deals involving large amounts of cash or drugs. See United States v.

Kimberlin, 18 F.3d 1156, 1160 (4th Cir. 1994). Additionally, Section 2D1.1(b) does not require the

establishment of a physical nexus to the firearm or an actual awareness of the firearm's existence.

See Kimberlin, 18 F.3d at 1159-60; United States v. Mangual, 278 Fed.Appx. 267, 272 (4th Cir.

2008). Movant, therefore, has failed to show there is a reasonable probability that, but for counsel's

alleged unprofessional errors, the result of the proceedings would have been different. See United

States v. Kilmer, 167 F.3d 889, 893 (5th Cir. 1999)(stating that "[a]n attorney's failure to raise a

meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue"); Moore v. United States, 934 F.Supp. 724, 731 (E.D.Va. 1996)(holding that "there can be no claim of ineffective assistance where, as here, counsel is alleged to have failed to raise a meritless argument"). Accordingly, the undersigned finds that counsel's representation did not fall below an objective standard of reasonableness.[6]

### B.   *Letter Concerning Movant's Acceptance of Responsibility*.

Movant states that trial counsel was ineffective "when counsel wrote petitioner's letter concerning his acceptance of responsibility, which he did not write." (Civil Action No. 1:08-0904, Document No. 512, p. 1.) Movant explains that "[t]he letter was written by Dennis H. Curry in an attempt to obtain the petitioner . . . a two point level reduction." (Id., p. 5.) Movant alleges defense counsel should not have wrote the letter "if there [was] nothing that he felt that the petitioner could have done to get any type of reduction . . . due to the fact the government may try to use this letter if the conviction is overturned." (Id.) Movant further argues that the letter "violated Rule 32 of the Federal Rules of Criminal Procedure." (Id.)

A movant must make specific allegations establishing reason to believe that, if the facts are

---

[6]   The undersigned finds that even assuming trial counsel was deficient, Movant would arguably not have been prejudiced. Movant appears to argue that if counsel had properly objected to the firearm enhancement, his sentence would have been reduced. This is not necessarily correct. Movant's sentence of 324 months would still have been within the applicable guideline range. If the District Court had not applied the two-level firearm enhancement, his Total Offense Level would have been reduced from 40 to 38. Based on a Total Offense Level of 38 and a Criminal History Category of II, the Guideline imprisonment range would have been 262 to 327 months. The District Court could still have sentenced Movant to 324 months in prison. Accordingly, Movant has not met and can not meet the competence and prejudice prongs of the *Strickland* analysis, and has failed therefore to prove that trial counsel was ineffective in counseling and representing him through his sentencing.

fully developed, he is entitled to relief. <u>United States v. Roane</u>, 378 F.3d 382, 403 (4th Cir. 2004).

Movant, however, fails to explain how trial counsel violated Rule 32 or acted ineffectively in

attempting to obtain Movant a sentence reduction based upon acceptance of responsibility.

Paragraph 52 of the Presentence Report states as follows:

> In a letter from Dennis H. Curry dated October 13, 2003, the defendant submitted the following statement regarding his conduct in this case.

>> I was a landscaper. I made very little money and only that at certain times of the year when the weather was good enough to work. Much of my time, I spent with some of my friends and family. I smoked crack around some of them. Using crack was a big mistake, though. But, I was not in the drug business. I was a user and not a manufacturer or dealer. I did not have enough money to buy crack to sell even if I had wanted to. I could only barely afford it myself occasionally. I considered whatever anyone else did as their business and they did not confide their business in me. Maybe they did not trust me. More probably, they would not have wanted to share in the money. They never did. Nobody can truthfully say that I sold them crack or any other drug. I say again, I could not afford to get in the drug business even if I wanted to. I just wanted to smoke the crack when I could get a little. I was not a part of any plan or organization. Nobody testified in my trial about ever buying any drug from me. That's because it just didn't happen. Nobody ever found any drug on me. Nobody testified they did. That is because I never had anything except an occasional piece of crack for myself. When I had it, I smoked it up in a hurry. I made some extra cash by driving Carlos (who didn't have a driver's license) and Donte and others around. That had nothing to do with drugs of any kind. My landscape work was often short and I did driving for a little cash. Small amounts of cash meant a lot to me. I minded my own business. I went to trial because I knew that was not part of anyone's drug business.

(Criminal Action No. 1:02-0241, Document No. 331, p. 14.) First, the undersigned finds that the

decision as to whether to seek a sentence reduction based upon the foregoing letter was a question

of strategy for defense counsel. An attorney's strategic decision is presumed reasonable and

protected from second guessing under <u>Strickland</u>. Second, there is no evidence that Movant was

prejudiced by counsel's attempt to obtain a sentence reduction for acceptance of responsibility. Accordingly, Movant's above claim of ineffective assistance of counsel should be dismissed.

**2.**   **Claim of Error in the Application of the Sentencing Guidelines.**

Movant appears to claim that the District Court improperly applied a two-level sentencing enhancement pursuant to U.S.S.G. § 2D1.1(b)(1), for possession of a firearm. (Civil Action No. 1:08-0904, Document No. 512, pp. 2 - 4.) Claims of errors under the Sentencing Guidelines, however, are generally not cognizable under Section 2255. The Fourth Circuit has explained as follows:

> [B]arring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding. Section 2255 provides relief for cases in which 'the sentence was in excess of the maximum authorized by law.' Thus, while § 2255 applies to violations of statutes establishing maximum sentences, it does not usually apply to errors in the application of the Sentencing Guidelines.

United States v. Pregent, 190 F.3d 279, 283 - 84 (4th Cir. 1999). Movant's sentence in the instant case did not exceed the statutory maximum authorized by his convictions (life).[7] The undersigned further notes that Movant was sentenced at the bottom of the guideline range. Therefore, the undersigned finds that Movant's claim that the District Court improperly applied the Sentencing Guidelines to be without merit.

## PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned respectfully proposes that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal

---

[7] The statutory penalties for Movant's convictions were as follows: (1) 20 years to life as to Count One; and (2) ten years to life as to Count Two. *See* 21 U.S.C. § 841(b)(1)(A) - (B).

13

Custody (Document No. 512.) and **REMOVE** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant and to counsel of record.

Date: June 15, 2011.

R. Clarke VanDervort
United States Magistrate Judge